UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA GOODWIN, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ETOWAH LANDSCAPE GROUP, LLC and WARREN ANTHONY MARTIN, JR.,<br><br>        Defendants. | Civil Action File No.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Donna Goodwin (hereinafter "Plaintiff") in the above-styled matter and files this Collective Action Complaint against Defendants Etowah Landscape Group, LLC (hereinafter "Etowah") and Warren Anthony Martin, Jr. (hereinafter "Martin") (collectively "Defendants") and respectfully show the Court as follows:

## INTRODUCTION

1.

This is an action under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 *et seq.*, as amended, for Etowah's failure to pay regular wages and overtime wages

to Plaintiff and similarly situated employees for any hours worked over forty (40) hours per week.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff Donna Goodwin is a resident of Paulding County, Georgia, who resides at 125 Carol Path, Lot 9, Dallas, Georgia 30157.

3.

Defendant Etowah is a domestic limited liability company, registered and licensed to do business in the State of Georgia. Etowah may be served through its registered agent: Warren Anthony Martin, Jr., 271 Dillard Drive, Kennesaw, Georgia 30144.

4.

Defendant Martin is the owner of Etowah who controlled all decisions concerning Plaintiff's compensation who may be served at Etowah's principal place of business, 271 Dillard Drive, Kennesaw, Georgia 30144.

5.

This court has jurisdiction over this matter under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, as amended.

6.

This Court has personal jurisdiction over the Defendants because they transact business and/or reside in the Northern District of Georgia.

7.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendants are subject to personal jurisdiction in the Northern District of Georgia and because a substantial portion of the events giving rise to this case took place in the Northern District of Georgia.

## **STATEMENT OF FACTS**

8.

Plaintiff began working for Etowah on June 21, 2016.

9.

Plaintiff was employed as a lead landscaper by Etowah.

10.

Plaintiff's job duties consisted of driving a truck to clients' locations, performing landscaping services for clients of Etowah, including cutting grass, weed eating, and edging.

11.

During the time that Plaintiff was employed by Etowah, Etowah was an "enterprise engaged in commerce" as defined in 29 U.S.C. §§ 203(s) and 207(a)(1).

12.

During the time that Plaintiff was employed by Etowah, Etowah had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During the time that Plaintiff was employed by Etowah, Etowah had two or more "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During the time that Plaintiff was employed by Etowah, Etowah's annual dollar volume of sales of business transactions exceeded $500,000.00 per year.

15.

During the time that Plaintiff was employed by Etowah, Etowah vested Defendant Martin with supervisory authority over Plaintiff.

16.

During the time that Plaintiff was employed by Etowah, Defendant Martin exercised supervisory authority over Plaintiff.

17.

During the time that Plaintiff was employed by Etowah, Defendant Martin scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

18.

During the time that Plaintiff was employed by Etowah, Defendant Martin exercised authority and supervision over Plaintiff's compensation and set or established compensation plans with respect to Plaintiff.

19.

At all times that Plaintiff was employed by Etowah, Defendants were Plaintiff's employers for the purposes of the FLSA.

20.

At all times relevant to this suit and while employed by Etowah, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

21.

Plaintiff earned approximately $31,200 per year.

22.

Plaintiff regularly arrived to work around 5:30 a.m. but was told not to clock in until 6:00 a.m.

23.

Prior to clocking in at 6:00 a.m., Plaintiff would prepare her vehicle and equipment for the day to allow her to leave for her jobs shortly after 6:00 a.m.

24.

Plaintiff's supervisor was onsite when Plaintiff arrived around 5:30 a.m. and required Plaintiff to begin working before allowing her to clock in at 6:00 a.m.

25.

Defendants also deducted thirty (30) minutes from Plaintiff's and similarly situated employees hours for a lunch break each day worked, but Plaintiff and similarly situated employees rarely got a lunch break and had to eat while driving to the next job.

26.

Plaintiff and similarly situated employees worked more than forty (40) hours per week almost every week while employed by Etowah.

27.

Plaintiff and similarly situated employees regularly had to drive several hours to client's locations.

28.

Defendants would often request Plaintiff and similarly situated employees to go do extra jobs after finishing scheduled jobs.

29.

In 2016, Plaintiff had two other employees that would work with her at the landscaping jobs.

30.

Beginning in 2017, Defendants reduced the landscaping team, and Plaintiff was forced to do all jobs with just one other employee.

31.

Based on the nature of the landscaping business, hours varied throughout the year but ranged from 5:30 a.m. to 6:00 p.m. Monday through Friday with additional work every other Saturday from approximately 7:00 a.m. to 4:00 p.m.

32.

Plaintiff and similarly situated employees regularly worked fifty (50) to seventy (70) hours per week.

33.

Etowah failed to pay Plaintiff and similarly situated employees any regular wages or overtime wages for any hours worked over forty (40) hours per week.

34.

Based on information presently available, Plaintiff's effective hourly rate was $15.08.

35.

Thus, based on information presently available, Plaintiff's overtime rate should have been $22.62 for any hours worked over forty (40) hours per week.

36.

Accordingly, based on her effective hourly rate of $15.08 with corresponding overtime rate of $22.62, Plaintiff should have been paid approximately $226.20 to $678.60 in additional overtime wages each week based on the ten (10) to thirty (30) hours of overtime worked over forty (40) hours each week.

37.

The FLSA requires payment of overtime for any hours worked over forty (40) hours for non-exempt employees.  29 U.S.C. § 207.

38.

The full extent of the Defendants' violation of federal law and damages owed to Plaintiff and similarly situated employees will be revealed throughout the course of discovery in this lawsuit.

39.

Defendant Martin, owner of Etowah, knew that Plaintiff was owed overtime wages and knowingly failed to pay the same.

## **COLLECTIVE ACTION ALLEGATIONS**

40.

Plaintiff submits that there are others, similarly situated to herself, who were denied overtime wages.

41.

Upon information and belief, the FLSA Collective size during the relevant collective period exceeds twenty (20) employees.

42.

Plaintiff and all other similarly situated landscapers perform landscaping services for clients of Etowah.

43.

Landscapers do not supervise two (2) or more full time employees and do not have authority to hire and fire employees and, thus, cannot meet the Executive Exemption.

44.

The primary job duties of landscapers do not involve the exercise of independent discretion and judgment in matters of significance, as they merely perform the landscaping work for clients on behalf of Etowah. Thus, they cannot meet the Administrative Exemption.

45.

Defendants know now, and have known for the past three (3) years, that landscapers do not meet or satisfy any exemption under the FLSA and are entitled to overtime wages or a premium for all hours worked.

46.

Plaintiff and all similarly situated landscapers are instructed what clients to service or what locations to landscape each day.

47.

Plaintiffs and all similarly situated landscapers do not have decision making authority.

48.

Plaintiff brings this suit on behalf of herself and all other similarly situated employees and propose the following collective description(s):

All persons who perform(ed) work for Defendant(s) as Non-Exempt hourly or salaried employees performing landscaping services, including, but not limited to, all landscapers, laborers, and/or other similar job titles or designations at any time within three (3) years of the filing of this Complaint or who are currently employed by Defendant(s).

## COUNT ONE – VIOLATION OF THE
## FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. § 207

49.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48.

50.

Plaintiff regularly worked in excess of forty (40) hours in a standard work week.

51.

Defendants were aware of, permitted, and required Plaintiff's overtime work.

52.

For every hour worked in excess of forty (40) hours, Plaintiff was entitled to one and one-half times the regular rate at which each Plaintiff was employed, pursuant to 29 U.S.C. § 207(a)(2).

53.

Defendant Etowah willfully failed to pay Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) per week.

54.

Defendant Martin, owner of Etowah, knew that Plaintiff was owed overtime and knowingly failed to pay Plaintiff overtime in accordance with Federal law.

55.

Defendant Martin acted directly in the interest of Etowah in relation to Plaintiff's compensation and means or methods of compensation.

56.

Defendants Etowah and Martin are each liable, severally and jointly, to Plaintiff for the failure to pay Plaintiff overtime pursuant to the Fair Labor Standards Act.

57.

Such failure to pay overtime wages in violation of the Fair Labor Standards Act damaged Plaintiff in an amount to be proven at trial on this matter, and Plaintiff is entitled to Liquidated Damages, attorneys' fees, and expenses in accordance with 29 U.S. Code § 216(b).

### COUNT TWO – LIQUIDATED DAMAGES/PUNITIVE DAMAGES

58.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 57.

59.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to Liquidated Damages in an amount double the unpaid overtime wages to be proven at trial in accordance with the Fair Labor Standards Act.

60.

Pursuant to O.C.G.A. § 51-12-5.1, Punitive Damages are appropriate in this action so as to penalize and punish Defendants for their willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Further, Plaintiff is entitled to an award of punitive damages to deter Defendants from any such further conduct.

## **COUNT THREE – ATTORNEYS' FEES**

61.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 60.

62.

Pursuant to 29 U.S. Code § 216(b), Plaintiff is entitled to collection of her attorneys' fees and expenses of litigation for all claims brought herein.

**WHEREFORE**, Plaintiff demands the following:

(a) That process issue and the Defendants be served according to law;

(b) That a judgment be entered declaring this action to be a collective action properly maintained under 29 U.S.C. § 216(b), that the Representative Plaintiff be designated as representative of the FLSA Collective(s), and that her counsel of record be designated as the FLSA Collective Counsel;

(c) That Representative Plaintiff and the FLSA Collective(s) be granted a trial by jury;

(d) That Defendants be found to have willfully and intentionally violated the Fair Labor Standards Act;

(e) That judgment be entered in favor of the Representative Plaintiff and the FLSA Collective(s) for three (3) years of Representative Plaintiff's back-owed regular and overtime wages;

(f) That Representative Plaintiff and the FLSA Collective(s) be awarded pre-judgment interest;

(g) That liquidated damages be awarded to Representative Plaintiff and the FLSA Collective(s) for three (3) years of unpaid overtime in accordance with the Fair Labor Standards Act;

(h) That Representative Plaintiff and the FLSA Collective(s) recover their attorneys' fees, costs, and expenses of litigation pursuant to 29 U.S. Code § 216(b);

(i) Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 4th day of May, 2018.[1]

/s/ J. Daniel Cole
**J. Daniel Cole**
Georgia Bar No. 450675
Email: dcole@pcwlawfirm.com
**Jennifer K. Coalson**
Georgia Bar No. 266989
Email: jcoalson@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, Suite 2600
Atlanta, GA 30309
Telephone: 404-873-8000
Fax: 404-873-8050

*Counsel for Plaintiff*

---

[1] Pursuant to Local Rule 7.1(D), undersigned counsel certifies that this filing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).