SETTLEMENT AGREEMENT AND PLAINTIFF'S
FULL AND FINAL RELEASE OF CLAIMS FOR UNPAID WAGES

This Agreement is entered into as of this ___ day of August 2018, by and between Etowah Landscape, LLC (the "Company"), Warren Anthony Martin, Jr. ("Martin") (referred to collectively herein as "Defendants"), and Donna Goodwin ("Plaintiff").

WHEREAS, Plaintiff worked with the Company from July 11, 2016 to September 19, 2017 when she went out on workers' compensation leave;

WHEREAS, Plaintiff has not worked or otherwise provided services for the Company since September 19, 2017;

WHEREAS, Plaintiff filed a Complaint against Defendants on or about May 4, 2018 in the United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:18-cv-01969-WSD (hereinafter referred to as the "Civil Action"), alleging violations of the Fair Labor Standards Act (the "FLSA");

WHEREAS, Plaintiff alleges in the Civil Action that Defendants owe her amounts for overtime compensation for hours Plaintiff allegedly worked in excess of forty in certain workweeks;

WHEREAS, Defendants have not yet filed a response to the Complaint filed by Plaintiff in the Civil Action;

WHEREAS, Defendants deny all allegations asserted by Plaintiff in the Civil Action, and deny any and all liability or responsibility for the claims Plaintiff alleges;

WHEREAS, the Civil Action has not been certified, conditionally or otherwise, as a collective action and, to date, no individuals have expressed an interest in joining the Civil Action as additional plaintiffs;

Plaintiff and Defendants have discussed and reached agreement concerning the terms of settlement in resolution of all claims asserted in the Civil Action relating to Plaintiff's employment with the Company, other than Plaintiff's current pending workers' compensation claim.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth in this Agreement, Plaintiff and Defendants agree as follows:

1. Plaintiff acknowledges and agrees that her employment with the Company will end on the date on which the Court approves the settlement.

2. The Parties agree that this settlement shall not reduce or eliminate Plaintiff's entitlement to any current or future workers' compensation benefits, medical or indemnity, under the workers' compensation laws of the State of Georgia.

3. For and in consideration of the promises outlined in Paragraph 4 of this Agreement, Plaintiff agrees as follows:

EXHIBIT A

  A. To settle, release and dismiss any and all wage and hour claims which Plaintiff has or may have against Defendants that arose or may have arisen prior to the date of this Agreement.

  B. To acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

  C. That the below-referenced amount paid by Defendants represents a sum to which Plaintiff would not be entitled absent this Agreement.

  4. For and in consideration of the agreements and acknowledgements made by Plaintiff in this Agreement, Defendants agree to pay Plaintiff and Plaintiff agrees to accept the total consideration of TWENTY THOUSAND DOLLARS ($20,000.00), of which Plaintiff shall receive a total of TWELVE THOUSAND DOLLARS ($12,000) and Parks, Chesin & Walbert, P.C. will receive a total of EIGHT THOUSAND DOLLARS ($8,000), representing reasonable attorneys' fees and costs incurred on Plaintiff's behalf. ***Plaintiff is specifically aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel for representing her interests in this matter.*** Such payments shall be made over five (5) monthly installments, with the first payment to be made within ten (10) days of the date on which the Court approves the settlement and/or dismisses Plaintiff's pending claims, and each subsequent payment to be made within thirty (30) days of the payment preceding it.

  5. Under this agreement, each of the five monthly payments shall be made in the form of three (3) separate checks, as follows:

**First Payment:** (1) one check to Plaintiff in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500) less legally required deductions, representing wages; (2) one check to Plaintiff in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500), representing liquidated damages; and (3) one check to Plaintiff's attorneys, Parks, Chesin & Walbert, P.C. by 1099 payment in the amount of TWO THOUSAND DOLLARS ($2,000);

**Second Payment:** (1) one check to Plaintiff in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500) less legally required deductions, representing wages; (2) one check to Plaintiff in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500), representing liquidated damages; and (3) one check to Plaintiff's attorneys, Parks, Chesin & Walbert, P.C. by 1099 payment in the amount of TWO THOUSAND DOLLARS ($2,000);

**Third Payment:** (1) one check to Plaintiff in the amount of SEVEN HUNDRED FIFTY DOLLARS ($750) less legally required deductions, representing wages; (2) one check to Plaintiff in the amount of SEVEN HUNDRED FIFTY DOLLARS ($750), representing liquidated damages; and (3) one check to

Plaintiff's attorneys, Parks, Chesin & Walbert, P.C. by 1099 payment in the amount of ONE THOUSAND DOLLARS ($1,000);

**Fourth Payment:** (1) one check to Plaintiff in the amount of SEVEN HUNDRED FIFTY DOLLARS ($750) less legally required deductions, representing wages; (2) one check to Plaintiff in the amount of SEVEN HUNDRED FIFTY DOLLARS ($750), representing liquidated damages; and (3) one check to Plaintiff's attorneys, Parks, Chesin & Walbert, P.C. by 1099 payment in the amount of ONE THOUSAND DOLLARS ($1,000);

**Final Payment:** (1) one check to Plaintiff in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500) less legally required deductions, representing wages; (2) one check to Plaintiff in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500), representing liquidated damages; and (3) one check to Plaintiff's attorneys, Parks, Chesin & Walbert, P.C. by 1099 payment in the amount of TWO THOUSAND DOLLARS ($2,000).

6. Each payment designated to be remitted to Plaintiff, as described in Paragraph 5 above, must be received by Plaintiff, Donna Goodwin, at 695 Smith Ferguson Road, Dallas, Georgia 30157, by the due dates described therein. Each payment designated to be remitted to Plaintiff's counsel, Parks, Chesin & Walbert, P.C., as described in Paragraph 5 above, must be received by Plaintiff's Counsel, Parks, Chesin & Walbert, P.C. at 75 14th Street, 26th Floor, Atlanta, GA 30309, by the due dates described therein. If the Defendants fail to make any one of the payments described above by the due date, Plaintiff's counsel will notify the Defendants' representative (Dan Kniffen and Meredith Guerrero, Drew, Eckl & Farnham, at 303 Peachtree Street, N.E., Suite 3500, Atlanta, GA 30308) by e-mail and request a cure of this defect. The Defendants shall thereafter have five (5) calendar days from the date of the notice to cure the defect. If the defect is not cured within the five (5) day period, the remaining balance of all amounts owed under this Agreement shall become immediately due and owing. Plaintiff shall have the right to immediately petition the Court to enter a judgment against Defendants for all amounts remaining outstanding and unpaid. Defendants expressly agree and acknowledge that they are jointly and severally liable for all payments due under paragraphs four (4) and five (5) of this Agreement.

7. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. Defendants agree that they are jointly and severally liable for any costs and/or fees that become due under this paragraph six (6) of this Agreement.

8. For valuable consideration and as an inducement to Plaintiff to accept the payment plan outlined in Paragraphs four (4) and five (5) herein, Martin personally guarantees that these balances shall be paid according to the schedule set forth in paragraph four (4). Notwithstanding any inability, due to dissolution, bankruptcy, or any other reason, of Defendant Etowah Landscape, LLC, to pay the amounts due under this agreement, Martin agrees to be personally liable as guarantor for all amounts owed under this agreement. In the event that either Defendant files for bankruptcy protection,

Defendants' obligations under this Agreement will be governed by the applicable bankruptcy law.

9. Plaintiff, on behalf of herself and her respective agents, heirs, administrators, executors, assigns and successors in interest, hereby, separately and collectively, FULLY AND UNCONDITIONALLY RELEASES AND DISCHARGES Etowah Landscape, LLC, its parent corporations, subsidiaries, affiliates, successors and assigns, and its respective agents, officers, directors, employees, insurers, and attorneys, as well as Martin and his agents, heirs, administrators, executors, assigns and successors in interest, (collectively, the "Released Parties") from any and all manner of action or actions, cause or causes of action, claims, suits, causes of action, debts, liabilities, accountings, demands, obligations, or damages, whether known or unknown, fixed or contingent, that Plaintiff may have or claim to have against Defendants and/or the Released Parties for any reason as of the date of the execution of this Agreement relating to the wages and compensation she earned during her employment with the Company, **other than her workers' compensation claim currently pending in the State of Georgia (Case No. 2017-038436). Plaintiff shall retain all workers' compensation rights and benefits.** Subject to the exceptions set forth below in this Section, Plaintiff shall forever refrain and forebear from commencing, instituting, or prosecuting any other lawsuit, action, claim, or proceeding in or before any court, regulatory, governmental, arbitral, or other authority against the Released Parties to collect or enforce any claim or cause of action released hereby. This release does not purport to waive claims arising under these laws after the date of this Agreement.

**Plaintiff further acknowledges that this release of wage and hour claims and potential claims does not waive, release or discharge her right to file an administrative charge or complaint with the Equal Employment Opportunity Commission ("EEOC"), or any other administrative agency, or to participate in any investigations conducted by any administrative agency. In addition, Plaintiff further understands that she is not waiving any claims which cannot be waived by law, including but not limited to claims for unemployment benefits, workers' compensation benefits and any rights to vested benefits, such as pension or retirement benefits. Notwithstanding the foregoing, Plaintiff agrees not to seek any additional monetary remedy, beyond the consideration provided by this Agreement, for any claim arising prior to the date of this Agreement, though Plaintiff's current workers' compensation claim pending in the State of Georgia (Case No. 2017-038436) shall not be reduced or eliminated by this settlement and Plaintiff shall have the right to seek additional monetary compensation and/or continue to receive any and all workers' compensation benefits she is entitled to under the laws of the State of Georgia until her claim is closed with the Georgia State Board of Workers' Compensation, and Plaintiff agrees that the release contained in this Agreement shall encompass and bar any such claim for monetary relief, other than her current workers' compensation claim pending in the State of Georgia (Case No. 2017-038436). Plaintiff also retains the right to enforce her workers' compensation claim before the State Board of Workers' Compensation and in any Court.**

10. Defendants agree that they will not retaliate against Plaintiff for her assertion of claims under the FLSA or her execution of this Agreement. Defendants hereby agree that in response to any request for employment references regarding

Plaintiff's employment, Defendants will provide only neutral information regarding Plaintiff's title (Lead Landscaper) and dates of employment.

11. Within five (5) business days of their execution of this Agreement, the Parties agree to jointly submit a motion requesting that the Court approve this Agreement and dismiss the Civil Action with prejudice.

12. Plaintiff agrees that she will not retain or destroy, and has returned or will immediately return to the Company, any and all property of the Company in her possession or subject to her control, including, but not limited to, keys, credit cards, uniforms, personal items or equipment provided for her use, all files and documents relating to the Company and its business, together with all written or recorded materials, electronic or tape, documents, computer disks, plans, records or notes or other papers belonging to the Company. Plaintiff further agrees not to make, distribute or retain copies of any such information or property.

13. The Parties agree not to discuss the Civil Action or this Agreement on the Internet or any social media website, including but not limited to Facebook, Twitter, Linked In, lawyers.com, Martindale.com, Verdict Search.com, ALM, Westlaw, Lexis Nexis, etc.

14. Nothing contained in this Agreement is or shall be construed to be an admission by Defendants of any fault, liability or wrongdoing of any kind whatsoever, it being understood and agreed that any fault, liability or wrongdoing is expressly denied by Defendants.

15. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

16. This Agreement may be executed in one or more counterparts, each of which will be for all purposes deemed to be an original and all of which will constitute the same instrument.

17. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendants.

18. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

19.  This Agreement shall be construed in accordance with and governed by the internal laws of the State of Georgia, without reference to the conflicts of laws provisions thereof, and applicable federal law.

DATE: 8-24-2018            Signature: _____
                                      DONNA GOODWIN

DATE: _____           Signature: _____
                                      ETOWAH LANDSCAPE, LLC
                                      By: _____

DATE: _____           Signature: _____
                                      WARREN ANTHONY MARTIN, JR.
                                      Individually

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

19. This Agreement shall be construed in accordance with and governed by the internal laws of the State of Georgia, without reference to the conflicts of laws provisions thereof, and applicable federal law.

DATE:_____   Signature: _____
                                  DONNA GOODWIN

DATE: 08.24.18   Signature: *[signed]*
                            ETOWAH LANDSCAPE, LLC
                            By: Warren Anthony Martin Jr.

DATE: 08.24.18   Signature: *[signed]*
                            WARREN ANTHONY MARTIN, JR.
                            Individually

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**